[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Gary Wagner d/b/a Monroe Enterprises brought this action by amended complaint dated September 12, 1994 against defendants John, Joseph and Richard Bezzini d/b/a Bezzini Brothers Upholstery and/or Old Colony Company.
In the first count of the complaint Wagner alleges that by oral month-to-month lease beginning February 1, 1994 he rented 2700 feet of dry storage space located in defendants' premises in Manchester, Connecticut. He alleges that he paid $300 for the month of February, 1994 and moved numerous pieces of furniture into the rental space at that time. He claims that on February 7, 1994, while the lease was in effect, water entered the premises where the furniture was stored and caused substantial damage to the furniture in breach of the lease. He further alleges that as a result of the water damage, he was unable to sell the furniture. He claims that the cost of the furniture to him was $41,841.00, that he had to expend $649.00 in clean-up costs, and that as a result of the water damage he lost income and profits from the anticipated retail sale of the furniture.
In the second count of the complaint the plaintiff incorporates the allegations of the first count and further alleges that the defendants breached the implied covenant of good faith.
In the third count of the complaint plaintiff incorporates the allegations of the first and second counts and further alleges that defendants entered the premises which he rented, changed the lock on the door to the premises, failed to give him the new combination to the lock, and allowed the furniture to be moved to another area of the building, all without his permission or court order. He claims that they have committed a trespass and/or unlawful CT Page 12758 entry and detainer.
In the fourth count the plaintiff incorporates the allegations of the first, second, and third counts and alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
The defendants have filed a counterclaim dated October 25, 1994.
In the first count they allege that plaintiff agreed to pay $300 per month for the storage space, that he paid for only the month of February, 1994 and has made no further payments. They claim that Wagner owes them for unpaid past and future rental charges.
In the second count they claim Wagner is indebted to them for the fair market value and/or the use and occupancy of the storage space.
A court trial was held on October 11, 12, and 16, 1995. On October 12 the court inspected the furniture at issue.
The court finds the following:
As to Count 1:
The plaintiff has failed to prove his allegations in regard to the income and profits which he claims he lost. He claimed that he paid $41,800.00 for the furniture, that the furniture was worth that much at wholesale, that if he sold the furniture in the same condition as it was when he purchased it, he would make a profit, and that because of the water damage, he was unable to sell the furniture. Adele Kennedy, who claims she sold the furniture to Wagner, testified that if he had sold the furniture at retail before it was damaged by the water, he would have made a profit. She testified that the profit for furniture valued at $1000 wholesale would be $800. Thus, according to her calculation, if the wholesale price was $41,000, the profit would have been $32,800.
The court does not believe that Wagner proved what, if anything, he paid for the furniture. He claimed he paid cash. Yet he had no records to prove it, and Adele Kennedy, the CT Page 12759 alleged seller, had kept no records. Furthermore, he was unemployed during the period when he claimed to have purchased the furniture for cash. He claimed that in 1991 his income was $50,000 and in 1992 it was $75,000. Although he was unemployed, he stated that his income was derived from rentals of a three-family building which he owned at 54 High Street in Stafford. However, this property had been foreclosed in 1990. (Defendant's Exhibit F) The court finds his testimony lacked credibility in regard to his purchase of the furniture.
Nor does the court believe that Wagner proved that the furniture was damaged by water even though there had been a water leak. The court, having viewed the furniture, saw no evidence of water damage. The defendant's expert, Joel Kramer, spent a total of twelve hours viewing each of the pieces of furniture. He testified that he found no evidence of water damage. The court found his testimony far more credible than that of the plaintiff's witnesses in this regard.
Although the court believes that the furniture has very little value, if any, (all parties agreed on this), that is not because of water damage, but rather because of other damage found by Joel Kramer. He testified that the furniture appeared to be old, tired, or used furniture. He testified that some of it appeared to be 6 to 10 years old and that many of the pieces had come from manufacturers which had gone out of business. Even if the furniture had been in pristine condition (which he said it was not) he testified that an owner would be lucky to get his cost out of it, because the majority of the pieces had been made by manufacturers who had gone out of business.
Thus, under Count 1 the court finds that the plaintiff has failed to prove what he paid for the furniture or that he lost any income or profits as a result of the water leak. He did, however, expend $649.00 for clean-up costs, and is entitled to reimbursement for that amount.
As to Count 2:
In light of the court's finding under Count 1, the court also finds that the plaintiff has failed to prove his allegations under Count 2. Inasmuch as the court found no water damage to the plaintiff's furniture, it cannot find that CT Page 12760 the defendants breached an implied covenant of good faith. Furthermore, it clearly was not the fault of the defendants that a leak had occurred. Thus, there was no breach of an implied covenant of good faith.
As to Count 3:
The court finds that the defendants did not act properly by changing the locks on the premises rented by the plaintiff and refusing to let him enter the premises. Nor did they have the right to allow his furniture to be moved to another location of the building without his permission. They claim they did this because Wagner had stopped paying the rent. However, that is no excuse. Section 47a-43 of the Connecticut General Statutes provides in pertinent part:
"(a) When any person (1) makes forcible entry into any land, tenement or dwelling unit and with a strong hand detains the same, or (2) having made a peaceable entry, without consent of the actual possessor, holds or detains the same with force and strong hand . . . the party thus . . . held out of possession, or suffering damage may exhibit his complaint to any judge of the Superior Court."
Section 47a-45a of General Statutes provides in pertinent part:
"(a) If it is found (1) that a forcible entry has been made into the land, tenement or dwelling unit, or (2) that the same are detained with force and strong hand . . . the judge shall render judgment that the complainant be restored to, and reseized of, the premises or that the personal property removed or detained be returned to the complainant, and shall award a writ of restitution accordingly. The complainant shall recover costs from the person complained of . . ." General Statutes § 47a-46 provides as follows: "The party aggrieved may recover in any civil action double damages and his costs against the defendant, if it is found on the trial of a complaint brought under Section 47a-43 that he entered into the land, tenement or dwelling unit by force or after entry held the same by force . . ."
While the plaintiff might be entitled to recover double damages under this statute because he was illegally locked out of the premises, the court finds that he has failed to prove CT Page 12761 what his damages were. He claimed at trial that his damages were lost income and profits from the anticipated sale of the furniture. As stated above, however, he has failed to sustain his burden of proof as to what his damages were.
As to Count 4:
Under Count 4 the court holds that defendants' actions in barring the plaintiff from the leased premises, and holding his personal property until back rent was paid, all without legal process, was a violation of the Connecticut Unfair Trade Practices Act (CUTPA). General Statutes § 42-110a et seq.Rosa v. Kuchma Construction, 6 CSCR 961 (1991). General Statutes § 42-110g provides that any person who suffers any ascertainable loss of money or property as a result of a violation of CUTPA may recover actual damages. That statute also provides for punitive damages plus costs and reasonable attorney's fees where appropriate. As stated above, plaintiff has failed to prove any ascertainable loss because of the violation of CUTPA. However, the court believes he is entitled to punitive damages in the amount of $1700 and an attorney's fee in the amount of $3501.
As to the Counterclaim:
The court finds that the plaintiff has paid no rent from March 1994 through October 15, 1995. The court finds that he owes $5,850.
It is unclear to the court as to whether the plaintiff wants the furniture which is still located at the premises of the defendants. He claims it has no value. Richard Bambery testified that as an attorney for the defendants he had contacted the plaintiff's attorney in November of 1994 and told him that the defendants were anxious to have the plaintiff remove the furniture from the premises. However, the plaintiff failed to respond. It would appear that he did not want the furniture. However, he is entitled to it if he wants it.
In summary, the court finds in favor of the plaintiff on Count 1 for the cost of clean-up from the water leak. The court finds in favor of the defendants on Counts 2 and 3. The court finds in favor of the plaintiff on Count 4. The court finds in favor of the defendants on the first count of their CT Page 12762 counterclaim.
Accordingly, under Count 1 the plaintiff is awarded $649 for clean-up costs. Under Count 4 the plaintiff is awarded punitive damages in the amount of $1700 and $3501 for an attorney's fee, for a total of $5,850. Defendants are awarded the sum of $5,850 under their counterclaim.
It is further ordered that the plaintiff shall have until November 30, 1995 to remove his furniture from the premises at his own cost, and defendants shall make the premises available to him for that purpose. If he fails to remove the furniture on or before November 30, 1995, defendants may dispose of it as they see fit.
No costs to either party.
Frances Allen State Trial Referee